# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

Elsa Ostergaard Hofmann
340 Orange Road, Apt. 340
Montclair, N.J. 070
*Pro se Plaintiff*

Kenneth K. Lehn
Winne, Banta, Hetherington,
Basralian & Kahn, P.C.
Court Plaza South
21 Main Street
P.O. Box 647
Hackensack, N.J. 07602

Michael F. Maschio
Cowan, Leibowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
*Attorneys for Defendants*

    Re:    Elsa O. Hofmann v. Pressman Toy Corporation, et al.,
             <u>Docket No. 05-CV-2456 (WJM)</u>

Dear Counsel:

      This matter is before the Court on Defendants' request for attorney's fees.  Attorney's fees are **GRANTED** as modified below.

**A. Background**

      *Pro se* Plaintiff Elsa O. Hofmann filed a complaint on January 28, 2005 in the Superior Court of New Jersey against Pressman Toy Corporation and others for copyright infringement.

  This is the fifth action Plaintiff has brought alleging Pressman Toy's board game infringed her copyrighted game. Plaintiff's four previous complaints contained the same claims but just added various parties. The first action was filed on January 17, 1990 and decided by Judge Debevoise, who granted summary judgment in favor of the defendants and dismissed Plaintiff's claim with prejudice in a detailed fourteen page published opinion. Plaintiff filed a second action on February 15, 1995, which Judge Mary Little Cooper dismissed based on both claim and issue preclusion in a fourteen page letter opinion and order. Plaintiff's third action was filed on December 9, 1996 and dismissed by order by Judge Politan on January 2, 1997. Plaintiff filed a fourth action on January 22, 1997 for the same copyright infringement claim, which Judge Politan again dismissed in a speaking order on April 7, 1997. The order described the complaint as "frivolous," pointed to the more specific reasoning in Judge Cooper's letter opinion, and further ordered that Plaintiff was barred from filing any additional complaints based on this claim in this jurisdiction. Plaintiff appealed all of the aforementioned decisions. All appeals were denied and the Supreme Court denied certiorari.

  The current case was removed to this Court, and Defendants moved for the Court to dismiss Plaintiff's complaint and impose sanctions pursuant to Fed. R. Civ. P. 11. This Court granted Defendants' motion to dismiss and sanctioned Plaintiff with attorney's fees and costs in an amount to be determined by the Court. Defendants have submitted affidavits in support of their requested fees and costs and seek $20,532.92. Said fees and costs are granted as modified by this opinion.

**B. Analysis**

  When analyzing a request for attorney's fees and costs, the Court must engage in an analysis as to the reasonableness of the fees sought. In doing so, the lodestar formula is applied, which is the number of hours reasonably expended multiplied by the reasonable hourly rate. J & J Snack Foods, Corp. v. Earthgrains Co., 2003 WL 21051711, *3 (D.N.J. 2003). The party seeking the fees must prove reasonableness through evidence that support the hours worked and the rates claimed. Id. The lodestar method consists of a three-step analysis: "(a) determine a reasonable hourly rate, multiply it by (b) the number of hours reasonably expended, considering plaintiff's objections, and (c) decide whether any final adjustment is warranted." Id.

  The party requesting the fees bears the burden of proving the reasonable hourly rate based on the skill and experience of the attorneys, the services rendered and the complexity of the case. Id. Such proof consists of affidavits presented by the attorneys. If the opposing party does not present evidence that the rate is unreasonable, the Court must award fees at the requested rate. Id. Defendants' provided two affidavits, the first from Winne, Banta, Hetherington, Basralian & Kahn containing hourly rates of $325 for Kenneth K. Lehn, $260 for Edward P. D'Alessio, and $250 for Rodney T. Richards, and the second from Cowan, Liebowitz & Latman specifying the hourly rate for Michael F. Maschio as $480. These affidavits were unopposed; therefore, these fees are considered reasonable.

      The Court will deem the time expended on a matter to be reasonable insofar as it is required to secure a result.  J & J, 2003 WL 21051711 at *7.  The Court does not compensate for excessive, redundant or unnecessary hours.  Id. at *8.  After analyzing the reasonableness of the hours expended, the Court considers mitigating factors to determine the total compensation owed.  Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988).  Such factors include the sanctioned party's ability to pay, the finances and needs of the prevailing party, the severity and history of the sanctioned party's conduct, and the party's "willfulness" in committing the violation.  Zuk v. Eastern Pa. Psychiatric Inst. of the Medical College, 103 F.3d 294, 301 (3d Cir. 1996).  While the Court is mindful of Plaintiff's position as *pro se*, this Court also notes that this is the fifth time Plaintiff has brought this cause of action, she has previously been barred from filing this claim, and a substantial portion of the fees were created by Plaintiff's filing of numerous motions that had very little merit.

      After reviewing Defendants' submissions, the Court concludes that the reasonable amount of hours that should have been expended is 16.75 hours of work done by Cowan, Leibowitz & Latman and 13.4 hours of work done by Winne, Banta, Hetherington, Basralian & Kahn[1].  Once the respective fees are applied, Cowan, Leibowitz & Latman is entitled to $8,040.00 plus costs totaling $8,131.75 and Winne, Banta, Hetherington, Basralian & Kahn is entitled to $4,078.70 plus costs totaling $5,175.02.  Thus in total Defendants are entitled to $13,306.77.

**C. Conclusion**

      For the reasons set forth above this Court **GRANTS** plaintiffs' request for attorney's fees and costs as modified by this opinion.

      A separate order will be entered as consistent with this letter opinion.

/s/William J. Martini

**Dated:** 8/15/05

**William J. Martini, U.S.D.J.**

---

[1] After a detailed review of the affidavits submitted in support of attorney's fees and costs, this Court concludes that some of the work performed by local and out-of-state counsel is duplicative.